UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRUNELLA JAIME,

    Plaintiff,

v.                                     Case No:   6:15-cv-1900-Orl-37TBS

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    Defendant.

## ORDER

    This case comes before the Court on Defendant USAA Federal Savings Bank's Motion for Extension of Time to Respond to Discovery Requests (Doc. 23).   Plaintiff opposes the motion (Doc. 24).

    Plaintiff is the Personal Representative of the Estate of Kristof Marcel Lefevere, deceased (the "Decedent") (Doc. 2, ¶ 1).   The Decedent died as the result of injuries he sustained when the motorcycle he was operating was struck by a sport utility vehicle (Id., ¶¶ 9, 12).   Plaintiff alleges that the operator of the sport utility vehicle was underinsured when the accident occurred (Id., ¶ 11).   Count I of this lawsuit is an action for a declaratory judgment that a policy of insurance Defendant issued to the Decedent's employer provides coverage for the accident (Id., ¶¶ 16-29).   Count II is an action for damages based upon Defendant's alleged breach of the policy (Id., ¶¶ 30-40). Defendant contends, *inter alia*, that Plaintiff's claim is expressly excluded from coverage under the policy (Doc. 5 at 11).

    The Case Management and Scheduling Order which governs the case established a May 6, 2016 deadline for Plaintiff's expert witness disclosures and reports, and a

December 5, 2016 deadline for the completion of all discovery by the parties (Doc. 19 at 3). On February 15, 2016, Plaintiff served two requests for admissions and 22 requests for production on Defendant (Doc. 24, ¶ 2). Plaintiff served a second request for the production of two additional items, and a request for 12 additional admissions on February 29, 2016 (Id., ¶ 3). The parties have coordinated the depositions of Defendant's corporate representatives to occur on April 21, 2016 (Id., ¶ 4).

On March 18, 2016, Defendant notified its attorneys that it was transferring this case to a different law firm (Doc. 23, ¶ 3). Upon learning that the case was being transferred, Defendant's attorneys asked Plaintiff for a three week extension of time to respond to all written discovery (Id., ¶ 5). The request was made so that the new law firm would have sufficient time to prepare Defendant's responses (Id., ¶¶ 5-6). According to Defendant, Plaintiff agreed to a one week extension[1] (Id., ¶ 6). Plaintiff cited the impending expert disclosure deadline as a reason it would not agree to the additional time Defendant was requesting (Id., ¶ 6). Defendant argues that this is a nonissue because the interpretation of an insurance policy and the existence of coverage are not issues upon which the Court can take expert testimony (Id., ¶ 8) (citing Montgomery v. Aetna Case. & Sur. Co., 898 F.2d 1537, 1540 (11th Cir. 1990); Clarendon Am. Ins. Co. v. Bayside Rest., LLC, No. 8:05-cv-1662-T-17TGW, 2006 WL 2729486, at *1 (M.D. Fla. Sep. 25, 2006)).

Plaintiff counters that at a minimum, she needs responses to her February 15 discovery sufficiently in advance of the April 21 depositions so that she has time to analyze the responses, request additional discovery if necessary, and file any motions

---

[1] In her response, Plaintiff says that on March 21, she agreed to a 7 day extension, i.e., until March 28, 2016 (Doc. 24, ¶ 6).

that need to be made in advance of the depositions (Doc. 24, ¶ 2). Plaintiff maintains that the discovery is also required so that she has enough time to comply with the May 6 expert disclosure deadline should she need expert witnesses on issues pertaining to the construction of the policy, fleet coverage, procurement, underwriting, and damages (Id., ¶ 7). Lastly, Plaintiff argues that the Montgomery decision is distinguishable on its facts (Id., ¶ 8).

If, and to what extent expert witness testimony is admissible in this case are not issues the Court decides on the pending motion. The sole issue is the length of the extension, if any, Defendant should be allowed to respond to Plaintiff's written discovery.

"Good cause" is the standard the Court applies in deciding a timely motion for extension of time. FED. R. CIV. P. 6(b)(1). Parties have 30 days to respond to requests for production and requests for admissions. FED. R. CIV. P. 34(b)(2)(A), 36(a)(3). Assuming service of the discovery by mail or electronic means, an additional 3 days are added. FED. R. CIV. P. 6(d). Defendant's responses to the February 15 discovery were due no later than March 18, and its responses to the February 29 discovery are due on or before April 4, 2016. The motion for extension of time was filed on March 21, 2016 (Doc. 23). But for the extension to March 28 which Plaintiff agreed to, Defendant's motion would be untimely in-so-far as the February 15 discovery requests are concerned.[2]

---

[2] Federal Rule of Civil Procedure 6(b)(1)(B) provides that a court may extend time "on motion made after the time has expired if the party failed to act because of excusable neglect." To decide whether excusable neglect exists "requires an examination into whether the moving party had a good reason for not responding timely and whether the opposing party would be prejudiced." In re HealthSouth Corp. Sec. Litig., 334 F. Appx. 248, 253 (11th Cir. 2009) (holding that excusable neglect did not warrant enlargement of opt-out time). The relevant factors for excusable neglect are (1) the danger of prejudice, (2) the length of delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. Id.; Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1201 (11th Cir.1999) (citing Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993)).

- 3 -

While Defendant seeks an extension of time so that a different law firm can assist it in responding to Plaintiff's discovery, no new attorneys have appeared for Defendant, and the attorneys who are currently representing it have not requested or been granted leave to withdraw.   Defendant has already had the full 33 days permitted by the rules, plus the additional 10 days Plaintiff agreed to within to respond to the February 15 discovery.   Defendant has not sought a protective order or asserted any reason why it cannot respond to the February 15 discovery by March 28.   Defendant's responses to the February 29 discovery are not due for an additional 12 days and it has not has not provided any reason why it cannot meet this deadline.   For these reasons, the Court does not find good cause for the requested extension of time and Defendant's motion is **DENIED**.

   **DONE** and **ORDERED** in Orlando, Florida on March 23, 2016.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record